Maria Irma **PEDRAZA DE SANCHEZ,**
aka Maria Irma Sanchez Pedraza,
Petitioner,

v.

Eric H. **HOLDER Jr., Attorney**
**General, Respondent.**

No. 07–72553.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Louis M. Piscopo, Esquire, Law Offices of Nicastro & Piscopo, Anaheim, CA, for Petitioner.

Jaesa McLin, Riguer Silva, LLC, Kenner, LA, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Mary Jane Candaux, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Maria Irma Pedraza De Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her motion to terminate proceedings and finding her removable for participating in alien smuggling. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Urzua Covarrubias v. Gonzales,* 487 F.3d 742, 747 (9th Cir.2007), and review de novo questions of law, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005). We deny the petition for review.

According to the Form I–213, Pedraza De Sanchez stated that she knew her granddaughter lacked documentation to legally enter the United States. Pedraza De Sanchez testified that she decided to attempt to bring her granddaughter into the United States and placed her in the vehicle that attempted to drive across the border. Moreover, substantial evidence supports the IJ's determination that Pedraza De Sanchez told the officer at primary inspection that she had forgotten her granddaughter's documentation. *See Urzua Covarrubias,* 487 F.3d at 748–49 (substantial evidence supported determination that alien aided and abetted another alien's illegal entry into the United States). Contrary to her contention, Pedraza De Sanchez therefore "provided some form of affirmative assistance to the illegally entering alien." *Altamirano,* 427 F.3d at 592.

In light of our disposition, we need not reach Pedraza De Sanchez's challenge to the BIA's use of its streamlining procedure. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) ("[W]here we can reach the merits of the decision by the IJ or the BIA, an additional review of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the streamlining decision itself would be superfluous.").

**PETITION FOR REVIEW DENIED.**